FILED & ENTERED

OCT 16 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall     DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – Santa Ana Division

| | |
|---|---|
| In re<br><br>RANDALL WILLIAM BLANCHARD,<br><br>    Debtor. | Case No. 8:14-bk-14105-SC<br><br>Chapter 11<br><br>**ORDER DENYING TEMECULA OAKS PARTNERS LP'S RULE 59(e) MOTION**<br><br>Date: October 15, 2015<br>Time: 11:00 a.m.<br>Courtroom 5C |

Temecula Oaks Partners LP ("Movant") filed a motion [Dk. 484] ("Rule 59(e) Motion"), pursuant to Federal Rule of Civil Procedure ("Rule") 59(e), requesting that this Court "reconsider" its Order Disallowing Claim No. 7 [Dk. 473] ("Order"). The Chapter 11 Trustee filed an opposition [Dk. 506] ("Opposition") on September 3, 2015, and the Movant filed a reply [Dk. 557] ("Reply") on October 8, 2015.  This matter came on for hearing on October 15, 2015. Appearances were as noted on the record. For the reasons set forth on the record, as well as those reasons set forth below, the Rule 59(e) Motion is DENIED.

### Introduction

On July 1, 2014, Randall William Blanchard ("Debtor") filed chapter 11 bankruptcy. On August 8, 2014, the Movant filed Claim No. 7. On March 30, 2015, the Chapter 11 Trustee filed a Motion to Disallow Claim No. 7 [Dk. 346]. The hearing on the

1    Motion to Disallow Claim was heard on July 9, 2015. The Court entered an order

2    granted the Motion to Disallow Claim No. 7 on July 21, 2015 [Dk. 473]. The Movant filed

3    its Rule 59(e) Motion August 4, 2015.

4                                                **Discussion**

5            Reconsideration is an "extraordinary remedy" which should be used "sparingly in

6    the interests of finality and the conservation of judicial resources." *Kona Enter., Inc. v.*

7    *Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also Sch. Dist. No. 1J,*

8    *Multonomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (stating that

9    reconsideration should only be granted in "highly unusual circumstances"). A motion for

10   reconsideration "should not merely present arguments previously raised, or which could

11   have been raised in the initial . . . motion." *United States v. Westlands Water Dist.*, 134

12   F.Supp. 2d 1111, 1130 (E.D. Cal. 2001) (citing *Backlund v. Barnhart*, 778 F.2d 1386,

13   1388 (9th Cir. 1985)).

14           Federal Rule of Civil Procedure ("Rule") 59(e) applies in bankruptcy cases

15   pursuant to Rule 9023. A motion to alter or amend a judgment shall be filed no later

16   than 14 days after entry of judgment. Fed. R. Bankr. P. 9023. The Ninth Circuit has set

17   forth the following grounds for relief under Rule 59(e):

18           In general, there are four basic grounds upon which a Rule 59(e) motion
             may be granted: (1) if such motion is necessary to correct manifest errors
19           of law or fact upon which the judgment rests; (2) if such motion is
             necessary to present newly discovered or previously unavailable
20           evidence; (3) if such motion is necessary to prevent manifest injustice; or
             (4) if the amendment is justified by an intervening change in controlling
21           law.

22   *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). While a Rule 59(e)

23   motion is not limited to those four grounds, alteration or amendment of a judgment is

24   "an extraordinary remedy which should be used sparingly." *Id.* (quoting *McDowell v.*

25   *Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (en banc)).

26           The Movant alleges that relief under Rule 59(e) is warranted because of the

27   existence of newly discovered evidence and because the Court's order disallowing

28

1    Temecula Oaks' claim ("Claim No. 7") was manifestly unjust. Specifically, the Movant

2    alleges that:

3        First, because Loan. 27-019 was a "wrap around" transaction, the amount
         owed under the Desert Highlands Note included the amounts owed under
4        the Twelve Oaks Note, and therefore the Guaranty includes both
         obligations. Second, under the Settlement Agreement, the amounts owed
5        in connection with Loan No. 27-019 were not released. Third, Temecula
         Oaks has been informed and believes that Debtor does not dispute that
6        the Twelve Oaks Guaranty is still operative.

7    Motion for Reconsideration [Dk. 484], pg. 7.

8                                    **Analysis**

9        The only allegedly newly discovered evidence is an unsigned declaration of the

10   Debtor. Moreover, as set forth below, the Movant presents no new arguments in its Rule

11   59(e) Motion.

12       At the July 9, 2015 hearing on the Motion to Disallow the Claim of Temecula

13   Oaks, the Movant asserted the identical grounds listed in the instant Rule 59(e) motion.

14   Specifically, at the July 9, 2015 hearing, the Movant asserted that Claim No. 7 involved

15   a "wrap-around" transaction. Hearing transcript, pg. 3, line 16. The Movant further

16   asserted that under the Desert Highlands loan agreement, the Debtor guaranteed all

17   obligations owed by Desert Highlands, including the Twelve Oaks loan. *Id.*, pg. 11. The

18   Movant further argued that the Twelve Oaks loan obligations were not released in the

19   state court settlement agreement ("Settlement Agreement"). The Movant concluded that

20   Debtor's guaranty of the Desert Highlands Loan should be deemed to extend to the

21   Twelve Oaks Loan.

22       As set forth in detail on the record of the July 9, 2015 hearing, the Court rejected

23   these arguments because the Movant was unable to provide any evidence that the

24   Debtor's guaranty of the Desert Highlands Loan extended to the Twelve Oaks Loan.

25   Moreover, as pointed out by the Chapter 11 Trustee at the July 9, 2015 hearing, the

26   Desert Highlands Loan and the Twelve Oaks Loan were two separate transactions, and

27   that the Debtor only guarantied the obligations of Desert Highlands under the Desert

28   Highlands Loan. Further, as previously set forth on the record at the July 9, 2015

1  hearing, the Debtor's obligations under the guaranty of the Desert Highlands Loan was

2  released pursuant to the Settlement Agreement.

3       In the Motion and Reply, the Movant provides no new evidence. Moreover, the

4  Movant fails to articulate any manifest injustice by this Court's previous ruling

5  disallowing Claim No. 7.  To the extent the Reply includes new arguments, beyond the

6  scope of the Rule 59(e) Motion, those new arguments or new matters raised for the first

7  time in a reply will not be considered. *See* LBR 9013-1(g)(4) ("New arguments or

8  matters raised for the first time in reply documents will not be considered.").

9       The Court finds the Opposition persuasive. The Rule 59(e) Motion and Reply

10  have not presented any new facts or evidence or any other basis for reconsideration of

11  this Court's order disallowing Claim No. 7.

12                          **Conclusion**

13       The Movant has failed to provide any new evidence or argument, and the Movant

14  has failed to meet its burden under Rule 59(e). Accordingly, the Rule 59(e) Motion is

15  DENIED.

16                                    ###

17

18

19

20

21

22

23

24

25       Date: October 16, 2015                      Scott C. Clarkson
                                                   United States Bankruptcy Judge

26

27

28

4