Teddy M. Kapur (CA Bar No. 242486)
Jonathan J. Kim (CA Bar No. 180761)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:  tkapur@pszjlaw.com
         jkim@pszjlaw.com

Attorneys for Richard M. Pachulski,
Plan Administrator and former Chapter 11
Trustee for Randall William Blanchard

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>RANDALL WILLIAM BLANCHARD,<br><br>Debtor. | Case No.: 8:14-bk-14105-SC<br><br>Chapter 11<br><br>**PLAN ADMINISTRATOR'S STATEMENT IN RESPONSE TO ORDER TO SHOW CAUSE [DOCKET NO. 819]; DECLARATION OF BRIAN WEISS IN SUPPORT THEREOF**<br><br><u>Hearing Date</u><br>Date:        April 13, 2022<br>Time:        1:30 p.m.<br>Place:       Courtroom 5C<br>             411 West Fourth Street<br>             Santa Ana, California<br>Judge:       Honorable Scott C. Clarkson |

Richard M. Pachulski, as the Plan Administrator (the "<u>Plan Administrator</u>") for the bankruptcy estate of Randall William Blanchard ("<u>Blanchard</u>"), appointed pursuant to that certain *Fifth Amended Plan of Reorganization Proposed by Chapter 11 Trustee for Randall William Blanchard* [Docket No. 598] (as confirmed, the "<u>Plan</u>"), hereby submits his Statement in response to the Court's Order to Show Cause ("<u>OSC</u>") Why the Case Should Not Be Dismissed or Closed [Docket No. 819].

As set forth below, the Plan Administrator believes that there is a sound and reasonable basis for the Debtor's chapter 11 case (the "<u>Case</u>") to remain open, pending a disposition or other transaction

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

involving the estate's interests in the Plenitude Project (defined below) in Carson, California.[1]  The Plan Administrator is submitting herewith the Declaration of Brian Weiss of Force Ten Partners, LLC financial advisor to the Plan Administrator (the "Weiss Declaration").  The Plan Administrator is informed that the Oversight Committee (which oversees the Plan Administrator's performance of his duties under the Plan) supports continuing the Case pending a determination as to the potential value and disposition of the Plenitude Project and/or the Plenitude Interests.  The Plan Administrator respectfully states as follows.

## I.
## BACKGROUND

The Effective Date of the Plan occurred on December 7, 2015.  The Debtor's general unsecured creditors (holding approximately $20.5 million in total claims) have recovered approximately 35% in post-confirmation plan distributions (*see* Amended Post-Confirmation Report (for quarter ending Dec. 31, 2021) [Docket No. 830]).  As of March 1, 2021, the Plan Administrator has funds on hand of approximately $158,221.

As set forth in his reports filed with the Court, the Plan Administrator's primary task post-confirmation has been liquidating the estate's interests in the Seasmoke Projects, including the Plenitude Project (defined below).  The Plenitude Project and/or interests therein or related thereto remain to be monetized by the Debtor.

### The Plenitude Project

Plenitude Holdings LLC ("Plenitude"), the County approved developer of the Plenitude Project, is a real estate investment partnership between certain Blanchard related entities ("Blanchard Entities") and certain entities related to Shopoff Realty Investments ("Shopoff"), a national, well-established real estate investment firm founded in 1992. *See* https://www.shopoff.com/about/.  Based on information provided by the Debtor, the Plan Administrator is informed that the direct and indirect corporate ownership of Plenitude is as shown on Exhibit A attached hereto.

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

The Creek at Dominguez Hills (the "Plenitude Project") is an 87-acre development located just off the 405 Freeway and north of East Del Amo Blvd. in the City of Carson, California, designed to be a state-of-the-art community hub for recreation, community gathering, and economic development that will include a premier sports and recreation venue, electronic freeway signage, and multiple public recreational facilities. *See* Plenitude Project website, https://thecreekatdominguezhills.com/home/.

The real property for the Plenitude Project is owned by Los Angeles County, and is leased to Plenitude pursuant to a ground lease agreement dating back to 1985 (the "Lease"). The real property underlying the Plenitude Project was converted into / used as a golf course (Victoria Golf Course) since the 1960s by Los Angeles County. Since 2015, the property has been operated by Plenitude. County officials announced in 2017 that they planned to turn the Victoria Golf Course into a recreation center. In September 2021, Plenitude and the County amended and restated the Lease to extend the term to July 15, 2085 and to revise the business purpose of the Lease to close the golf course; to include the purposes enumerated above; and to authorize Plenitude to build and develop the Plenitude Project. Construction is anticipated to commence later this year; construction of a portion of the facilities is projected to be complete in 2024. Development plans include sports, recreation, and entertainment focused uses, with more than 500,000 square feet of retail, recreation and sports wellness space. Public anticipation for the Plenitude Project has been significant. *See, e.g.,* "A New Future for Victoria City Park," *Random Lengths News* (Nov. 25, 2020) available at https://www.randomlengthsnews.com/archives/2020/11/25/a-new-future-for-victoria-golf-course/31084?v=7516fd43adaa ("'The redevelopment of Victoria Golf Course will be transformative for the City of Carson, the South Bay, and the region at-large,' said Supervisor Mark Ridley-Thomas, who authored the motion to authorize a lease with Plenitude to redevelop the site."; "… [T]he Creek at Dominguez Hill's recreational amenities are anticipated to attract an additional 600,000 visitors a year. In comparison, the Victoria Golf Course has attracted an average of 43,000 annual users over the past three years…. In its first ten years, including while the project is in its construction phase, the County anticipates generating more than double the rent revenue compared to the current golf concession.").

The Plenitude Project and/or interests therein or related thereto including the Blanchard Entities' interests and ultimately the estate's indirect interests in Plenitude ("Plenitude Interests") remain to be monetized by the Debtor.  The Blanchard Entities have been negotiating with Shopoff about the potential buyout of the Blanchard Entities' equity interests in Plenitude (a "Buyout").  Further, Blanchard has informed the Plan Administrator that other transactions relating to the Plenitude Interests may also be possible.  In the event that the terms of a Buyout are reached by the parties, based on information provided by Blanchard as shown on Exhibit A, the bankruptcy estate should receive approximately 12.65% of the net sale proceeds of a Buyout, which would be used to fund additional recoveries for general unsecured creditors.[2]  As discussed further below, the Plan Administrator believes it sound and reasonable to continue to keep the Case open pending a potential sale or other transaction involving the Plenitude Interests, because it could result in meaningful, additional Plan distributions for unsecured creditors.

## II.
## THERE IS REASONABLE JUSTIFICATION FOR KEEPING THE CHAPTER 11 CASE OPEN

It is in the estate's and creditors' best interests to allow the Case to continue until the Plenitude Interests are sold or otherwise disposed of.  Based on the factors and circumstances discussed below, the Court should refrain from dismissing or closing the Case.  *See generally In re Starmark Clinics, LP*, 388 B.R. 729, 736 (Bankr. S.D. Tex. 2008) (in dismissing a chapter 11 case *sua sponte*, a court should analyze whether there is cause "based on the totality of the circumstances"); *Moe v. Munding (In re Spokane Raceway Park, Inc.)*, 2013 Bankr. LEXIS 4594, at *8 (B.A.P. 9th Cir. Aug. 2, 2013) (chapter 11 case to be closed after the estate has been fully administered pursuant to section 350(a) and Bankruptcy Rule 3022; in determining whether an estate has been fully administered, one factor is whether property covered under the plan has been transferred or disposed of).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[2] *See* Plan, p. 26 ("the Plan Administrator and the Debtor each shall be entitled to receive fifty percent (50%) of all cash distributions payable to Seasmoke Partners from the Seasmoke Projects").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Given the totality of the circumstances, the Plan Administrator submits that there is substantial basis to keep the Case open pending the potential disposition of the Plenitude Interests:

- A potential material asset (the Plenitude Interest(s)) remains to be monetized or otherwise administered.  Closing or dismissal of the Case would result in the loss of that asset of the estate.

- A meaningful additional recovery may possibly be obtained from the sale or other disposition of the Plenitude Interests or other related transaction, for the benefit of general unsecured creditors.

- The costs of keeping the Case open (including the U.S. Trustee quarterly fees) are relatively small.  Since the Effective Date, the fees of the Plan Administrator and his counsel have been approximately $5,000 per month on average.  Because the Plenitude Interests are the last material assets of the estate, absent any unforeseen developments, the level of legal work required is expected to be lower than in prior periods.

- It is reasonable to keep the Case open to see what may develop for the benefit of the estate's creditors, as the COVID-19 pandemic may further subside and other macro and micro factors and circumstances play out (*e.g*., local real estate market, interest rates, availability of financing, construction/supply chain matters, *etc*.).

- There have been no defaults under the Plan.  Among other things, the Plan Administrator has made various distributions to creditors and has paid the applicable U.S. Trustee fees.

The Plan Administrator is informed that the Oversight Committee, which oversees the Plan Administrator's performance of his duties pursuant to the Plan, supports continuing the Case pending a determination as to the potential value and disposition of the Plenitude Project and/or the Plenitude Interests.

In all events, the Plan Administrator will continue to update the Court and parties in interest with his quarterly reports, and as circumstances and developments may warrant, the Plan Administrator may file further documents or pleadings relating to Plenitude.

In sum, the Plan Administrator believes that there is insufficient cause for the Case to be dismissed or closed, and that it is in the estate's and creditors' best interests for the Case to proceed.

1

### III.

2

### CONCLUSION

3      The Plan Administrator requests that the Court permit the Case to remain open pending a

4  disposition of the Plenitude Interests or other related transaction or a determination by the Plan

5  Administrator that no additional recovery for the estate is reasonably likely.  Alternatively, the Plan

6  Administrator requests the Court to set a further status conference with respect to this matter in

7  approximately 180 days, with an updated status report to be filed by the Plan Administrator prior to

8  the hearing.

9

10  DATED:  March 30, 2022                    PACHULSKI STANG ZIEHL & JONES LLP

11

12                                              By:    /s/ *Jonathan J. Kim*
                                                      Teddy M. Kapur
13                                                    Jonathan J. Kim

14                                              Attorneys for Richard M. Pachulski,
                                                Plan Administrator and former Chapter 11
15                                              Trustee for Randall William Blanchard

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    **DECLARATION OF BRIAN S. WEISS**

2    I, Brian S. Weiss, declare as follows:

3    1.    I am a partner and co-founder of Force Ten Partners, LLC ("Force 10"), an advisory

4    firm specializing in corporate restructuring, challenged business situations, litigation support, and

5    special situations.  Force 10 has been advisors to the Plan Administrator, Richard Pachulski (the "Plan

6    Administrator"), since the Effective Date of the Trustee's Plan for Randall William Blanchard (the

7    "Debtor").  I submit this Declaration in support of the *Plan Administrator's Statement in Response to*

8    *Order to Show Cause [Docket No. 819]* (the "Statement").  Capitalized terms used but not otherwise

9    defined herein have the meanings ascribed to them in the Statement.

10    2.    Prior to effectiveness of the Plan, BSW & Associates ("BSW"), of which I was the

11    principal, was the Court-approved financial advisor to the chapter 11 trustee, Richard Pachulski (the

12    "Trustee") in the Debtor's chapter 11 case (the "Case").  In my capacities at Force 10 and my prior

13    capacity at BSW, I am generally knowledgeable about and familiar with the Debtor's business affairs

14    with respect to the assets of the Estate, which consist of the Plenitude Interests, and the circumstances

15    of the Case.  Except as otherwise indicated herein, the facts set forth in this Declaration are based upon

16    my personal knowledge, my review of relevant documents, information and responses to my inquiries

17    the Debtor and employees of or advisors to the Debtor. If called upon to testify, I would testify

18    competently to the facts set forth in this Declaration on that basis.

19    3.    As of March 1, 2021, the Plan Administrator has funds on hand of approximately

20    $158,221.

21    4.    As set forth in the Plan Administrator's reports filed with the Court, the Plan

22    Administrator's primary task post-confirmation has been to monetize the estate's interests in the

23    Seasmoke Projects, including the Plenitude Project.

24    5.    Plenitude Holdings LLC ("Plenitude"), is a real estate investment partnership between

25    certain Blanchard related entities ("Blanchard Entities") and certain entities related to Shopoff Realty

26    Investments ("Shopoff"), a national real estate investment firm.  Based on information provided by

27    the Debtor, the organization chart attached hereto as Exhibit A shows the direct and indirect corporate

28    ownership of Plenitude.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6.  The Plenitude Project and/or interests therein or related thereto including the Blanchard Entities' interests and ultimately the estate's indirect interests in Plenitude ("<u>Plenitude Interests</u>") remain to be monetized by the Debtor.

7.  In the event that the terms of a Buyout are reached by the parties, based on information provided by Blanchard as shown on <u>Exhibit A</u>, the bankruptcy estate should receive approximately 12.65% of the net sale proceeds of a Buyout (if any), which would be used to fund additional recoveries for general unsecured creditors pursuant to the Plan (p. 26 ("the Plan Administrator and the Debtor each shall be entitled to receive fifty percent (50%) of all cash distributions payable to Seasmoke Partners from the Seasmoke Projects")).

To the best of my knowledge, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this __25__ day of March 2022, at Irvine, California.

_____
Brian S. Weiss

DOCS_LA:343004.2 68704/003

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# **EXHIBIT A**

**Plentitude**



| | |
|---|---|
| Seasmoke Partners Interests via LA Quinta | 10.8% |
| Seasmoke Partners Interests via Seasmoke Partners-Studebaker | 14.4% |
| | 25.3% Seasmoke Partners' Portion of Any Buyout of Plenitude Interests (Net Proceeds) |
| Estate's Economic Interest in Seasmoke Partners' Recovery Pursuant to Plan | 50% |
| Estate's Approximate Interest in Any Buyout of Plenitude Interests (Net Proceeds) | 12.65% |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **PLAN ADMINISTRATOR'S STATEMENT IN RESPONSE TO ORDER TO SHOW CAUSE [DOCKET NO. 819]; DECLARATION OF BRIAN WEISS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **March 30, 2022,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **March 30, 2022,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 30, 2022,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA FEDERAL EXPRESS**
United States Bankruptcy Court
Central District of California
Attn:  Scott C. Clarkson
Ronald Reagan Federal Building & Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA  92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 30, 2022 | Sophia L. Lee | /s/ *Sophia L. Lee* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                   **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:342043.3 68704/001

## SERVICE INFORMATION FOR CASE NO. 8:14-bk-14105 SC

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- **Raymond H. Aver**    ray@averlaw.com, averlawfirm@gmail.com;ani@averlaw.com;katya@averlaw.com
- **Reem J Bello**    rbello@goeforlaw.com, kadele@ecf.courtdrive.com;cyoshonis@wgllp.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com
- **Robert J Berens**    rjb@smtdlaw.com, adelgado@smtdlaw.com
- **Jess R Bressi**    jess.bressi@dentons.com, kimberly.sigismondo@dentons.com
- **Frank Cadigan**    frank.cadigan@usdoj.gov
- **Greg P Campbell**    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Candace Carlyon**    ccarlyon@clarkhill.com, Crobertson@clarkhill.com;nrodriguez@clarkhill.com
- **Paul B George**    , beldingt@lanepowell.com
- **Paul B George**    docketing-pdx@lanepowell.com, beldingt@lanepowell.com
- **Jeffrey I Golden**    jgolden@wgllp.com, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com
- **Nancy S Goldenberg**    nancy.goldenberg@usdoj.gov
- **Jeffrey M Goldman**    goldmanj@pepperlaw.com, allenjs@pepperlaw.com
- **Jacob C Gonzales**    jgonzales@weintraub.com, gwaldron@weintraub.com;lgraham@weintraub.com;autodocket@weintraub.com;shamada@weintraub.com
- **Matthew Grimshaw**    mgrimshaw@marshackhays.com, mgrimshaw@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Christopher H Hart**    chart@nutihart.com, admin@nutihart.com
- **Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Teddy M Kapur**    tkapur@pszjlaw.com, mdj@pszjlaw.com
- **Ori Katz**    okatz@sheppardmullin.com, lsegura@sheppardmullin.com
- **Alan J Kessel**    kessela@pepperlaw.com, janine.philips@troutman.com
- **Alan Jules Kessel**    alan.kessel@troutman.com, janine.philips@troutman.com
- **Jeannie Kim**    jkim@buchalter.com, dgatmen@sheppardmullin.com
- **Jeannie Kim**    jekim@sheppardmullin.com, dgatmen@sheppardmullin.com
- **Kay S Kress**    kay.kress@troutman.com, susan.henry@troutman.com
- **Adam J McNeile**    adam@kbklegal.com, sean@kbklegal.com
- **Randall P Mroczynski**    randym@cookseylaw.com
- **Brett Ramsaur**    brett@ramsaurlaw.com, stacey@ramsaurlaw.com
- **Jeremy V Richards**    jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- **Todd C. Ringstad**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Michael G Spector**    mgspector@aol.com, mgslawoffice@aol.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Marc J Winthrop**    mwinthrop@wghlawyers.com, jmartinez@wghlawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:342043.3 68704/001