Teddy M. Kapur (CA Bar No. 242486)
Jonathan J. Kim (CA Bar No. 180761)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:    tkapur@pszjlaw.com
            jkim@pszjlaw.com

Attorneys for Plaintiff Richard M. Pachulski,
Plan Administrator for Bankruptcy
Estate of Randall William Blanchard



**FILED & ENTERED**

MAR 24 2026

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bolte      DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>RANDALL WILLIAM BLANCHARD,<br><br>    Debtor. | Case No.: 8:14-bk-14105-SC<br><br>Chapter 11<br><br>**FINAL DECREE AND ORDER CLOSING THE CHAPTER 11 CASE, MAKING FINAL DETERMINATION OF TAX LIABILITIES UNDER 11 U.S.C. § 505(B), ABANDONING ESTATE PROPERTY, AND GRANTING RELATED RELIEF PURSUANT TO SECTION 350(A) OF THE BANKRUPTCY CODE**<br><br>[Pursuant to LBR 3022-1, 6007-1 and 9013-1(o), no hearing date requested] |

Upon the *Plan Administrator's Motion for Entry of a Final Decree and Order Closing the Chapter 11 Case, Making Final Determination of Tax Liabilities Under 11 U.S.C. § 505(b), Abandoning Estate Property, and Providing Other Related Relief* [Docket No. 870] (the "Motion") in the above-referenced chapter 11 case (the "Chapter 11 Case") of Randall William Blanchard (the "Debtor"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and all other parties in interest; and the Plan Administrator

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4912-5193-9738.1 68704.003

having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion; and the Court having considered the Motion, all pleadings and papers filed in connection with the Motion, and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.  All capitalized terms not defined herein shall have the meaning ascribed to such term in the Motion.

2.      A final decree (the "Final Decree") is hereby entered in the Chapter 11 Case, and the Chapter 11 Case is closed pursuant to section 350(a) of the Bankruptcy Code, Rule 3022 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 3022-1(a).

3.      The Plenitude Interest and any other residual Assets (if any) of the Estate are abandoned by the Estate pursuant to section 554 of the Bankruptcy Code.

4.      Consistent with section 505(b), the Estate, the Plan Administrator and their postpetition professionals, advisors, employees and agents (collectively, the "Estate Parties") have no federal and/or state tax liabilities for the post-petition periods prior to and covered by the 2025 Tax Returns pursuant to Code section 505(b) ("Tax Liabilities"). The Estate Parties are discharged of all postpetition Tax Liabilities without further order, notice or other action.

5.      For the avoidance of doubt, the Motion shall constitute the "Plan Consummation Certification" under Section IX.F of the Plan, for purposes of the discharge provided for the Debtor thereunder.

6.      The Plan Administrator and his agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order, including, without limitation, making the final distributions to creditors as set forth in the Motion (to the extent not previously made).

7.      In the event that the fee reserve for a given professional of the Plan Administrator overestimated the fees and expenses ultimately payable to the professional for services related to the closing of this case, any excess reserve amount will be donated by the Plan Administrator to a charitable organization (to be selected by the Plan Administrator) described in section 501(c)(3) of the Internal Revenue Code, as amended ("IRC"); exempt from United States federal income tax under section 501(a) of the IRC; not a "private foundation", as defined in section 509(a) of the IRC; and that

is unrelated to the Debtor, the bankruptcy estate, or the Plan Administrator.

8.     The Court shall retain the jurisdiction provided in the Plan and the entry of this Order and Final Decree is without prejudice to the rights of the Plan Administrator or any party in interest to seek to reopen the chapter 11 case for cause.

Date: March 24, 2026

Scott C. Clarkson
United States Bankruptcy Judge

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA